IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ronnie McCray, #244124, ) | |
| ) | Civil Action No. 6:07-1638-CMC-WMC |
| Plaintiff, ) | |
| ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Director Jon Ozmint; Warden George Hagan; ) | |
| Sgt. Carlos Marshall; Sgt. James Mosely; Sgt. ) | |
| James Rumph; Sgt. D. McKnight; Officer Timmy ) | |
| Smith; Officer P. Rivers; Officer Richard Jenkins; ) | |
| Officer Mattie Edwards; Officer Corey Johnson, ) | |
| each are sued in their individual and official ) | |
| capacities as state employees, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's "request for production of documents" (doc. no. 24). The plaintiff, who is proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983, claiming that his constitutional rights have been violated.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff alleges excessive force, assault and battery, and deprivation of medical care during his incarceration at Allendale Correctional Institution ("ACI"). The defendants are Jon Ozmint, Director of the South Carolina Department of Corrections ("SCDC"); George Hagan, Warden of ACI; and, correctional employees Sgt. James Rumph, Sgt. Porter McKnight, Correctional Officer Phadra Rivers, Correctional Officer Richard Jenkins, Sgt. (formerly Correctional Officer) Mattie Edwards, and Correctional Officer Corey Johnson.

On November 1, 2007, the defendants filed a motion for summary judgment. By order of this court filed November 2, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion. In addition, the court filed an order on November 2, 2007, giving the plaintiff through November 28, 2007, to provide more accurate addresses for defendants James Mosely and Timothy Smith in order that they could be served. The plaintiff has not responded to this order. On December 11, 2007, this court issued an order giving the plaintiff additional time, through January 4, 2008, to file his response to the motion for summary judgment and provide more accurate addresses for defendants Mosely and Smith. The plaintiff was advised that if he failed to respond to the order, this action will be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

On January 7, 2008, past the deadline for response to the motion for summary judgment, the plaintiff filed the instant motion seeking certain discovery from the defendants. According to the defendants, the plaintiff first requested the documents from them on January 1, 2008. Clearly, the instant motion is not an appropriately filed motion to compel pursuant to Federal Rule of Civil Procedure 37. However, in the interest of judicial economy, the court will treat it as such.

The records requested by the plaintiff are as follows:

(1)    the complete prison record of the plaintiff;

(2)    any and all medical records of plaintiff from time of his incarceration in SCDC; and

(3)    any and all rules, regulations, and policies of the SCDC about use of force.

The plaintiff alleges he was subjected to excessive force on February 23, 2005. He has been in SCDC custody since September 23, 1997. In response to the first request, the defendants note that the plaintiff's prison record is the property of the SCDC, which is not a party

to this action. The defendants further note that the records are voluminous and largely irrelevant to this action. Furthermore, the plaintiff may arrange to view his inmate record by contacting his Classification Case Manager. Based upon the foregoing, the plaintiff's motion to compel production of his prison record is denied.

With regard to his medical record, the defendants have provided the plaintiff with a copy of his SCDC medical records for the period from November 2, 2004, through June 4, 2007. As the date of the alleged excessive force was in 2005, the defendants' production is sufficient. If the plaintiff wishes to review his entire medical record, he may do so through a request to the Institutional Medical Records Clerk at his institution. Accordingly, the plaintiff's motion to compel production of his medical record is denied.

Lastly, the plaintiff requests all of SCDC's rules regarding use of force. The defendants note again that such documents are the property of the SCDC and that all such unrestricted materials are available for the plaintiff's review in his institution's law library. The plaintiff's motion to compel production of these materials is denied.

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion (doc. no. 24) is denied.

IT IS FURTHER ORDERED that the plaintiff shall have through February 1, 2008, in which to file his response to the motion for summary judgment and provide more accurate addresses for defendants Mosely and Smith as well as defendant Carlos Marshall, who also has not been served. The plaintiff is advised that if he fails to respond to this order, this action will be subject to dismissal for failure to prosecute pursuant to F.R.Civ.P. 41(b), and the dismissal will be considered an adjudication on the merits, i.e., *with prejudice*.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

January 9, 2008

Greenville, South Carolina